UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COBY PERRY** | : | **DOCKET NO. 17-CV-01578** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **SASOL (USA) CORPORATION, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 12] filed by plaintiff Coby Perry. In his motion plaintiff also asks for relief in the form of all costs, expenses, and attorney fees associated with the removal of this case. Doc. 12, p. 2. Sasol (USA) Corporation, Sasol Chemicals North America LLC, and Sasol Chemicals (USA) LLC (collectively "defendants") oppose the motion. Doc. 15. For the reasons stated below, **IT IS RECOMMENDED** that plaintiff's motion be **DENIED.**

### I.
#### BACKGROUND

On October 25, 2017, plaintiff filed suit against Sasol (USA) Corporation (hereafter "Sasol (USA)") in Louisiana state court, alleging that the company discriminated against him because of his national origin. Doc. 1, att. 1. Particularly plaintiff alleges that he is an American citizen by birth and that defendant, "an energy and chemical company based in South Africa … openly gave and indicated their intent to give preferential treatment to South African employees and job applicants over similarly situated Americans." *Id.* at p. 2, ¶¶ 11–12. He demands to be reinstated and seeks to recover "past, present and future damages" including punitive damages. *Id.* at p. 3.

Sasol (USA) was served with the original complaint on November 20, 2017. Doc. 1, p. 1. Sasol (USA) removed the original action to this court on December 5, 2017. *Id.* In its Notice of Removal defendant alleges this court has subject matter jurisdiction because it is a civil action arising under the Constitution, laws, or treaties of the United States insofar as the complaint refers to having filed a charge of discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") which thereafter issued a notice of plaintiff's right to file. *Id.* at p. 2.

On November 9, 2017, which is before Sasol (USA) was served with the original complaint, plaintiff amended his complaint to add Sasol Chemicals North America LLC (hereafter "Sasol Chemicals NA") and Sasol Chemicals (USA) LLC (hereafter "Sasol Chemicals (USA)") as defendants. Doc. 5, att. 1, p. 8.[1] According to the Amended and Supplemental Notice of Removal filed by Sasol (USA) on December 15, 2017, it learned after the filing of the original Notice of Removal that the amended complaint had been filed and that it and the new defendants had been served with the amended petition on December 1, 2017. Doc. 5, p. 2. The newly added defendants, represented by the same counsel as Sasol (USA), consented to removal through the amended notice. *Id.* at p. 5. The amended notice of removal alleges, as did the original, that plaintiff's claims arise under federal law because he pleaded facts necessary to establish a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, but those facts have no relevance under Louisiana employment discrimination law. *Id.* at pp. 3–4.

In his Motion to Remand plaintiff argues that the removal is defective because, at the time of removal, both Sasol Chemicals NA and Sasol Chemicals (USA) had been served with the

---

[1] Plaintiff also named Sasol North America Inc. and SasolChem Inc. as defendants. Doc. 5, att. 1, p. 8. However, defendants assert that those parties have either changed their names or been dissolved. Doc. 5, p. 3, n. 2; *see also* doc. 15, p. 9, n. 14. Defendants also allege that Sasol Energy (USA) LLC has not been served with either the original or amended petition. *See* Doc. 5, p. 3. Plaintiff has not disputed that Sasol North America Inc. and SasolChem Inc. are no longer in existence or that Sasol Energy (USA) LLC was not served with either petition. We therefore consider those facts to be conceded and the consent to removal by those entities was not required. *See* 28 U.S.C. § 1466(a)–(b).

-2-

amended complaint but had not consented. Doc. 12, p. 2. In his memorandum in support of his motion plaintiff also suggests that defendants have not established a valid basis for federal question jurisdiction. Doc. 12, att. 1, pp. 2–4.

## II.
### LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and by statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quotation omitted). Generally, a defendant may remove a civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The burden of establishing federal subject matter jurisdiction rests with the party seeking to invoke it. *St. Paul Reinsur. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Thus, a removing defendant bears that burden on a motion to remand. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Because of the limited nature of federal jurisdiction, removal statutes are construed strictly and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### A. *The notice of removal was timely filed and procedurally proper.*

All properly joined and served defendants must consent to removal within thirty days of service of the petition. 28 U.S.C. § 1466(a)–(b); *see also Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014). Here, Sasol (USA) filed for removal well within thirty days of service of the original and amended petitions. Sasol Chemicals NA and Sasol Chemicals (USA) consented to removal. Therefore, removal was timely and procedurally proper.

### B. *This court has federal question jurisdiction.*

District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, according to the "well-pleaded complaint rule," a case may be removed to the federal courts on this basis only when a federal

question appears on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams,* 107 S.Ct. 2425, 2429 (1987) (citation omitted). Under this rule, thus, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 106 S.Ct. 3229, 3233 n. 6 (1986). "A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). Nonetheless, when the plaintiff's **properly** pleaded claims "would make the case removable, the plaintiff cannot disguise inherently federal causes of action." *Caravanas v. Hall*, 1999 WL 605491, at *1 (E.D. La. Aug. 10, 1999) (quoting WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 3d § 3722, p. 436 (1998)).

      Defendants maintain that plaintiff is concealing the true nature of his claims because he does not deny that they arise under Title VII nor affirm that they are based solely on state law. Doc. 15, pp. 9–10; *see* doc. 5, att. 1, ¶ 4 (asserting that Sasol (USA) "was a covered entity and employer as defined by all applicable anti-discrimination laws"). They argue that his cause of action is rooted in federal law because his petition makes allegations which are essential to establishing a federal claim but irrelevant under state law. Doc. 15, p. 10. These elements are only relevant to plaintiff's claim for punitive damages and his filing of a charge of discrimination with the EEOC, as described in full below. *Id.*; *See* doc. 12, att. 1, pp. 3–4. As plaintiff notes, district courts in this circuit have held that such allegations are insufficient to prove the existence of a federal claim, even when the complaint does not explicitly rely on state, rather than federal, employment discrimination law. *See Manzella v. United Parcel Svc., Inc.*, 2002 WL 31040170 (E.D. La. Sep. 10, 2002); *Dupre v. Family Dollar Stores of La.*, 2015 WL 3791705 (W.D. La. Jun.

16, 2015); *but see Caravanas*, supra, 1999 WL 605491 at *2 (finding a Title VII claim raised through plaintiff's request for punitive damages). Moreover, the filing of an EEOC charge is not persuasive in defendants' argument of a hidden federal claim, because such charges may also be used to satisfy the pre-suit notice requirement for employment claims brought under Louisiana law. *Johnson v. Hospital Corp. of America*, 767 F.Supp.2d 678, 700 (W.D. La. Feb. 11, 2011).

We are not persuaded, however, that the claim for punitive damages is insufficient to show that plaintiff's claims actually arise under federal law in this matter. In *Dupre* the court noted that the request for punitive damages was possibly linked to plaintiff's attempt to raise a state law claim for intentional infliction of emotional distress and appeared to accept that it had only been included by "an overly enthusiastic plaintiff." 2015 WL 3791705 at *3 and n. 3. In *Manzella* the court emphasized that the "petition merely prays for damages [and] does not allege willful, wanton and reckless conduct or violation of constitutional rights." 2002 WL 31040170 at *4. It also cited plaintiff's attorney's explanation "that he included the prayer for punitive damages in an abundance of caution in the event that the Louisiana legislature passed legislation (which had been introduced) permitting an award of punitive damages under Louisiana's anti-discrimination law." *Id.* Accordingly, the court concluded, even if the prayer for punitive damages was "a vague reference to federal law," it was insufficient to give rise to a Title VII claim. *Id.*

In this matter, however, as in *Caravanas*, supra, the request for punitive damages is hardly a boilerplate request or an attorney's expression of hope that Louisiana law may change.[2] Plaintiff asserts that defendants discriminated against him "willfully, maliciously, and with reckless

---

[2] Punitive damages are available in federal employment discrimination actions but not under Louisiana law. *Compare* 42 U.S.C. § 2000e-16b(b)(1) (incorporating the remedies found in 42 U.S.C. § 1981a(b)) *with* La. R.S. § 23:303(A) (limiting recovery to specified categories that do not include punitive damages); *see, e.g.*, *Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002) ("[A] fundamental tenet of [Louisiana] law is that punitive or other penalty damages are not allowable unless expressly authorized by statute.")

indifference." Doc. 5, att. 1, ¶ 15. This is the standard for recovering punitive damages under Title VII but has no relevance to an employment discrimination charge under Louisiana law. 42 U.S.C. 1981a(b)(1). Plaintiff also asserts that defendants employed more than 500 employees. Doc. 5, att. 1, ¶ 3. The amount of an award for non-pecuniary losses and punitive damages available under Title VII is tiered based on the number of the defendant's employees. 42 U.S.C. § 1981a(b)(3)(A)–(D). An employer with more than 500 employees is subject to an amount up to $300,000, which is the maximum allowed. *Id.* Likewise, there appears to be no relevance to this assertion under state law. Plaintiff's careful pleading of the elements necessary to satisfy a Title VII claim for punitive damages, and to maximize his claim under that law, leaves little room for ambiguity. When these specific pleading choices are viewed in light of plaintiff's decision not to name the specific employment discrimination laws under which he is proceeding, it is plain that the plaintiff has raised a claim under Title VII. This court thus has original jurisdiction over his suit.

Considering the foregoing, defendants properly removed on the basis of federal question jurisdiction and plaintiff's Motion to Remand should be denied. Because removal was proper, plaintiff's request for attorney fees and costs should be denied.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that plaintiff's Motion to Remand [doc. 12] be **DENIED** and that plaintiff's request for attorney fees and costs be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE